Wilde J.
delivered the opinion of the Court. That part of the bill demurred to, relating to the contract and proceedings since the dissolution of the partnership, cannot be sustained, unless as being connected incidentally and consequentially with the concerns of the copartnership. For in the first place, this part of the bill presents no case for relief in equity, or otherwise. It is not averred that the contracts of sale were void, or unfairly obtained, nor is any fact alleged tending to impugn them. Besides, we have no jurisdiction over the subject-matter of this part of the bill, unless it can be connected with the other part of the bill relating to the dealings of the co-partners ; otherwise it stands on the same footing as if the sales had been made to a stranger.
The only question then is, whether the other part of the bill is barred by the statute of limitations.[1]
It is admitted that it is so barred, if the statute is well pleaded and sufficient matter is set forth in the plea, to show that due notice was given by the executors of their acceptance of their trust, according to the statute.
It is true, that in pleading, the same strictness is required m equity as at law ; at least in matter of substance. Mitf. 232. But we do not find any defect in the plea, either substantial or formal, which would authorize us to set it aside. The principal objection is to the notice. The plea avers that notice was given by the executors according to law, by posting up notifications of their appointment at public places in this city, *116 without however designating the particular places where the notifications were posted. We do not recommend this form of pleading, but nevertheless we cannot say it is fatally defective. The same objection was insisted on in the case of Sewall v. Valentine, 6 Pick. 276, and was overruled. Notice is averred in the words of the statute, and the averment is direct and positive. The plaintiff might have replied and traversed the fact, in which case the defendant would have been put to the proof of the notice with all its attending circumstances. The only possible use of designating the particular places of posting, is to give notice to the other party, that he might be" the better prepared to contest the proof to be offered in support of the plea. But the Court have power to guard against the effects of surprise, and will exercise it on every proper occasion.
Then it is objected, that it is not averred that the deceased had his domicil at Boston at the time of his decease. But this fact sufficiently appears by the bill, and therefore such an averment is not necessary. The deceased is styled, late of Boston, &c. and by the facts set forth in the bill, it appears that he continued doing business here until his death.
Nor do we think the objection, that there is no direct averment that the bond was given to the judge of probate, of any avail. To aver, as is done in the plea, that the executors gave bonds according to law, is, we apprehend, sufficient.
There seems to be little reason for insisting on these niceties, as the defendant may rely on the same bar by way of answer, in which all these supposed, defects might no doubt be removed ; and the defendant,- at the same time, might avail himself of the general statute of limitations. We think, however, that the plea, in the form pleaded, is well enough, and that it is a bar as to all the transactions and dealings-between the partners; and against all claims against the executor of Grew in his character as executor.
That part of the bill therefore which • relates to the copannership cannot be sustained, and as the residue of the bill is clearly insufficient, the whole bill must be dismissed,

 See Bangs v. Hall, 2 Pick. (2nd ed.) 372, note 1 and cases cited; Farnam v. Brooks, 9 Pick. 243; Johnson v. Ames, 11 Pick. 182; Andrews v. Sparhawk, 13 Pick. 400.